BATES, APPELLANT, *v.* FLATH, APPELLEE.

(No. 4174—Decided February 3, 1947.)

*Mr. Clarence P. Ducey* and *Mr. Joseph C. Gribbin,* for appellant.

*Messrs. Welles, Kelsey, Fuller, Cobourn & Harrington,* for appellee.

CARPENTER, J. Plaintiff was a passenger in an automobile which collided with the automobile of defendant at a highway intersection, and in this action she seeks damages for personal injuries sustained. The answer admitted the collision, and that plaintiff was an occupant of the automobile. The verdict and judgment were for the defendant, and this appeal on questions of law followed.

At the outset of the evidence concerning the collision, plaintiff called the defendant for cross-examination. Objections were made and sustained to all questions about what happened or what the defendant did as he approached the intersection. To illustrate, some of the questions were:

"Did your car skid before the collision with the Bates car?"

"When did you realize there was going to be a collision between your car and the Bates' car?"

"How fast were you driving at the time of the collision?"

"Did you see the plaintiff's car before you collided with it?"

The court justified its action in sustaining objections to those and other such questions by saying:

"It is your own case. You cannot go into it on cross-examination of the adverse party."

Section 11497, General Code, reads:

"At the instance of the adverse party, a party may be examined as if under cross-examination, either orally, or by deposition, like any other witness. * * * The party calling for such examination shall not thereby be concluded but may rebut it by counter testimony."

Thus the plaintiff was given a positive right, and if the admissions of the defendant in any degree contributed to prove plaintiff's case, she was entitled to

such examination and its denial to her was prejudicial error.

Speaking of our practice under this statute, Judge Stephenson, in the opinion in *Clark* v. *Stewart,* 126 Ohio St., 263, 270, 185 N. E., 71, said:

"This was cross-examination of a party and it is not error for the trial court to indulge counsel in a liberal scope under such circumstances, if the testimony sought to be adduced by the questions has even a remote tendency to prove or disprove any issue made by the pleadings."

The plaintiff in the instant case gave up further effort to cross-examine the defendant and proceeded with her other witnesses.

Other errors incident to the trial and the charge to the jury are assigned, but in view of the fact that the judgment must be reversed and a new trial had when the record will be different than this one, the court deems it unnecessary to determine such other assigned errors.

For the reasons stated, the judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*

STUART and CONN, JJ., concur.