ZWICK & ZWICK, Plaintiff-Appellee, v. SUBURBAN CONSTRUCTION CO., Defendant-Appellant.
ZWICK & ZWICK, Plaintiff-Appellee, v. ALL-STATE HOME EQUIPMENT CO., Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 23712, 23714.   Decided May 23, 1956.

Daus & Schwenger, Harry Kottler, of Counsel, for plaintiff-appellee.
Albert C. Nozik, for defendant-appellant.

## OPINION

Per CURIAM:

In these two actions for accounting services here appealed from Municipal Court on questions of law from judgments in favor of plaintiff, a partnership, we shall consider first Appeal No. 23712, and secondly, Appeal No. 23714.

Considering first Appeal No. 23712, the first assignment of error is that the court erred in entering judgment for plaintiff as assignee of the claim sued upon when there was no allegation of assignment set forth in the petition.

The record shows that the court entered a judgment for plaintiff, part of which was on a presumed oral assignment for services which had been performed by one of the individual partners prior to the claimed assignment and who failed to testify in support of same. In our opinion, this assignment of error must be sustained. The general rule is that an assignee of a claim must allege and prove the assignment. In 4 American Jurisprudence 330, Sec. 126, the author states:

"The plaintiff, when suing in his own name, must set out facts necessary to show title in himself; he must allege the assignment of the claim sued upon and upon which his right of recovery depends." and again in Section 127, it is stated:

". . . an objection that the plaintiff's pleading fails to show a valid assignment, and therefore does not state a cause of action, is not waived by failure to demur, but may be taken at any stage of the proceeding."

To the same general effect, see the Ohio cases of: Lowther v. Lawrence, Wright 180, and **B. & O. & C. R. R. Co. v. Gibson, 41 Oh St 145.**

The third assignment of error is that the court erred in refusing to permit appellant to cross-examine the adverse party after the court had permitted the plaintiff to reopen his case. This assignment of error must be sustained as the defendant, as a matter of right, should have been permitted to call the adverse party for cross-examination under the provisions of §2317.07 R. C. See **Bates v. Flath, 81 Oh Ap 188, 36 O. O. 511, 78 N. E. (2d) 56.**

The seventh assignment of error is that the trial judge failed to file written findings of fact stated separately from his conclusions of law. This assignment of error must likewise be sustained. The defendant made a seasonable request for separate findings of fact and conclusions of law as shown by the record but instead of complying with the request, the court merely dictated into the record what appears to be an opinion which, in our view, does not conform to the requirements of §2315.22 R. C., which provides as follows:

"When the questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, one of the parties requests otherwise, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

The Uniform Municipal Court Act authorizes application of this system to all civil actions in Municipal Court—§1901 R. C. See also: **Levick v. Bonnell, 137 Oh St 453, 19 O. O. 150, 30 N. E. (2d) 808.**

An examination of the record indicates there are many things lacking in the opinion dictated by the court in order to bring it in conformity with the statute. For example, the court did not give any consideration

to the lack of pleading of an assignment of the claim nor to the question of proof of the same. The court likewise did not include the fact that no answer and reply was filed by plaintiff to defendant's answer and cross-petition. Likewise, the court made no reference to the affirmative defense of defendant pleading payment to one of the parties who was the original accountant.

The court erred further in not finding for the defendant on his cross-petition, there having been no answer filed thereto by plaintiff for which reason the allegations thereof should have been taken as true or in the alternative, the court should have required the filing of proper pleadings to make up the issues.

For the foregoing reasons, the judgment in Appeal No. 23712 is reversed and the cause remanded for further proceedings according to law.

* * * * *

Coming now to a consideration of Appeal No. 23714, between the same parties, we find there is likewise a failure by plaintiff to plead an assignment of the cause of action sued upon. The accounting partnership of plaintiff was formed in July 1950; the account attached, marked Exhibit (A) and made a part of plaintiff's petition, covers the period from the formation of the partnership in July 1950 to January 1951. The amount asked for on a quantum meruit basis in the petition and the amount set forth in Exhibit (A) attached, is $440.00. However, the plaintiff was given leave to amend his petition to read: "the sum of Forty Dollars ($40.00) per month from November 1, 1949 to October 31, 1950." The sum prayed for was changed to $480.00. Also an invoice was referred to by plaintiff's witness which was sent to defendant for services rendered, dated February 1950. The plaintiff's witness, Philip Zwick, testified that the partnership was formed in July 1950 and that prior to that time, it had no contact with the defendant; that Irving Zwick, who in his individual capacity had done the work sued for prior to July 1950, and had made the contract with defendant, was added to the partnership in July 1950. However, Irving Zwick did not testify and there was no evidence of an assignment introduced by plaintiff. Consequently, because there was neither a pleading of an assignment nor proof of the same, this assignment of error No. 1 must be sustained.

The fifth assignment of error is that the trial court erred in failing and refusing to make written findings of fact and conclusions of law separately stated in accordance with the request of appellant. The court stated that the findings of fact and conclusions of law would be available to defendant but for some reason failed to file the same with the papers in the case as provided by law. This assignment of error must be sustained.

For the reasons stated, the judgment in Appeal No. 23714 must also be reversed and the cause remanded for further proceedings according to law.

Exceptions. Order see journal.

KOVACHY, PJ, SKEEL and HURD, JJ, concur.