CITIZENS INSURANCE COMPANY OF NEW JERSEY, APPELLEE. *v.*
BURKES ET AL., APPELLANTS.

(No. 36534—Decided March 9, 1978.)

*Mr. Robert D. McBride,* for appellee.
*Mr. Jack N. Turoff,* for appellants.

KRENZLER, J. The plaintiff-appellee, Citizens Insurance Company of New Jersey, hereinafter referred to as plaintiff or appellee, filed a complaint for declaratory judgment against the defendant-appellants, Charlie Burkes and his wife, Luther Mae, hereinafter referred to as the defendants or appellants, alleging that the company issued an automobile insurance policy agreement to the Burkes which contained uninsured motorist coverage; that on or about December 14, 1974, the Burkes were involved in an automobile collision; and that on December 23, 1974, the company was informed by the defendants' counsel that they were making claims for their personal injuries sus-

tained in the accident under the uninsured motorist provision.

Thereafter, the plaintiff informed the defendants' counsel that it was declining payment on the uninsured motorist claims. Following this disclaimer, the defendants filed a demand for arbitration with the American Arbitration Association for the disputed uninsured motorist claims.

The plaintiff contended that there is no coverage under Section 1, Coverage D, of the defendants' insurance policy entitled, "Protection Against Uninsured Motorists," for the defendants' claims[1] and based its denial of coverage on the fact that the other vehicles alleged to have been involved in the automobile collision do not fall within the definition of "uninsured highway vehicle" or "hit and run vehicle" contained in the insurance policy.[2]

---

[1]Coverage D provides:

COVERAGE D—PROTECTION AGAINST UNINSURED MOTORISTS: The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

[2]The policy contains the following definitions:

"[U]ninsured highway vehicle" means:

"(a) A highway vehicle with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder, or is or becomes insolvent, or

"(b) a hit-and-run vehicle;

but the term "uninsured highway vehicle" shall not include

"(1) an 'insured automobile' or an automobile furnished for the

The plaintiff further alleged that a declaration of the rights of the parties will terminate the controversy which has arisen concerning the availability of uninsured motorist coverage and demanded that a declaratory judgment be entered in its favor declaring that there is no coverage available to the Burkes for claims made pursuant to Coverage D of the insurance policy.

A copy of the insurance policy was attached to the complaint.

In their answer the defendants denied that the other vehicle involved in the accident was not "uninsured" within the meaning of Section 1, Coverage D, of the policy. The defendants averred that the contract of insurance requires disputes concerning uninsured motorist coverage to be submitted to arbitration upon the request of either party and that their demand for arbitration was wrongfully refused by the plaintiff company.

Subsequently, the defendants filed a motion for summary judgment with the affidavits of the defendants, Luther Mae and Charlie Burkes, attached. In their motion the defendants sought a summary judgment ordering the

regular use of the named insured or of any person resident in the same household who is related to the named insured by blood, marriage or adoption,

"(2) a highway vehicle owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law, or

"(3) a highway vehicle owned by any Federal, State, Territorial, Provincial or Municipal government, or a political subdivision, department or agency of any of them;

"hit-and-run vehicle" means a highway vehicle which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such vehicle; (b) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; * * *."

plaintiff to proceed to arbitration because there existed no issue of material fact regarding the valid and enforceable arbitration clause in the insurance contract. The defendants argued in the motion that they had filed a request for arbitration of the dispute as required by the policy; that the issue coverage under the terms of the policy depends upon whether the uninsured motorist is liable to the defendants and such determination is properly one for arbitration and not for the court; and that the defendants' accident involved an uninsured vehicle. Based on these allegedly undisputed facts, defendants contended that they are entitled to judgment as a matter of law.

The affidavit of Mr. Burkes stated:

"Charlie Burkes, first being duly sworn deposes and says that he is one of the defendants within action[sic].

"Affiant further says that on December 14, 1974 he was driving his 1971 Chevrolet at approximately 12:45 a. m. in the City of Cleveland, Ohio, on East 89th Street. It was dark at the time.

"Affiant further says that as he proceded[sic] along East 89th Street he came to a car that was double-parked without its lights on; that he proceded[sic] around the car, when all of a sudden an automobile coming from the other direction very fast, came at him causing him to cut back to his right and he hit the double-parked automobile. That after the impact when he came to rest, he was pinned inside his vehicle and was unable to get out of the car; that when he and his wife were finally removed from the car with the help of the police, the double-parked car had left the scene and the automobile that had been coming towards him was not at the scene of the accident.

"Affiant further says that neither he nor his wife were able to determine the name of the driver of either vehicle, in view of the fact that neither car remained at the scene of the accident."

Mrs. Burkes' affidavit set forth the following:

"Luther Mae Burkes, first being duly sworn deposes and says that she was a passenger in a vehicle driven by her husband, Charlie Burkes, on December 14, 1974 at approximately 12:30 a.m.

"Affiant further says that as they were proceding [sic] on East 89th Street there was a car double-parked in the street without lights on and with no occupant therein.

"Affiant further says that her husband proceded [sic] around the car when a vehicle from the other direction caused him to cut back to his right causing him to strike the double-parked vehicle.

"Affiant further says that she was unable to get out of the car for a period of time; that at the time she was removed from the vehicle the double-parked car and the car that had been coming towards them, had both left the scene of the accident.

"Affiant further says that she was insured under the policy written by the plaintiff insurance company.

"Affiant further says that both she and her husband were injured in the accident."

The plaintiff filed a brief in opposition to defendants' motion for summary judgment but did not file any supporting evidentiary material in the form of affidavits, depositions, etc. The plaintiff did file a supplement to its brief and attached thereto a copy of a police accident report which was unsworn and uncertified and copies of seven pages from a purported deposition which did not identify the party or parties deposed or contain a certification of authenticity from a court reporter.

The trial court denied the defendants' motion for summary judgment. Upon joint motion of the parties, the case was then submitted to the court upon the defendants' affidavits and the briefs of both parties. On May 5, 1976, the court found that the uninsured motorist coverage of the policy did not apply to defendants' claims and rendered judgment in favor of the plaintiff.

The defendants have filed a notice of appeal from the judgment of the trial court and in their praecipe indicate that they choose to rely upon the original papers, docket, and journal entries of the trial court as the record in this appeal.

Because the case was submitted to the trial court on the material submitted in support of and in opposition to the motion for summary judgment, we have before us

neither a complete or partial verbatim transcript of testimony, nor a narrative statement of the evidence prepared under Appellate Rules 9(B) and (C), respectively.

The defendant-appellants have set forth two assignments of error:

"I. The appellants' motion for summary judgment should be granted.

"II. The finding against coverage under the policy was against the clear weight of the evidence."

In the first assignment of error the appellants in effect contend that the motion for summary judgment should have been granted by the trial court on either one of two bases: (1) based on the material submitted both in support of and in opposition to the motion for summary judgment, there was no genuine issue of material fact and the appellants were entitled as a matter of law to the judgment that an uninsured motorist was involved in their accident; or, (2) under the terms of the insurance contract, the issue of coverage under the uninsured motorist provision should be determined in arbitration proceedings.

The first issue to be determined is whether, based upon the material submitted by the parties to the trial court, the appellants' motion for summary judgment should have been granted.

Civil Rule 56 governs the procedure on motion for summary judgment. Section A of that rule provides that the motion may be made with or without supporting affidavits. Section C of Civil Rule 56 provides that the motion shall be served on the adverse party and prior to the day of hearing he may serve and file opposing affidavits.

Civil Rule 56(C) also provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcript of evidence in the pending case, and written stipulations of fact, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A summary

judgment shall not be rendered unless it appears from such evidence or stipulations and only therefrom that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulations construed most strongly in his favor.

Civil Rule 56(E) states that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible into evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. It further states that when a moion for summary judgment is made and supported by documentary evidence as permitted by the rule, an adverse party may not rest upon the mere allegations or denials of his pleadings but his response, by affidavit or as otherwise provided in Civ. R. 56(C), must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In the present case, the appellants supported their motion for summary judgment by attaching to the motion the affidavits of Mr. and Mrs. Burkes. The appellee in its supplemental brief in opposition to the motion, however, merely attached an unsworn and uncertified copy of an accident report and several pages of an uncertified deposition which did not identify the party deposed. Therefore, the only evidence the trial court had before it consisted of the appellants' two affidavits.

As stated in Civ. R. 56(E), after a motion for summary judgment has been made and supported by affidavit or other dcoumentary evidence, an opposing party may not rely on the mere allegations or denials of his pleadings. Rather, he must respond with evidence—whether in the form of affidavits, depositions, answers to interrogatories, written admissions, transcripts of evidence, or written stipulations of fact. Because the material submitted by the appellee was not sworn, certified, or put in evidence by way of affidavit, it did not qualify as documentary evidence

under Rule 56(C) and could not be considered by the trial court. See *Olverson* v. *Butler* (1975), 45 Ohio App. 2d 9. In ruling on the appellants' motion for summary judgment, the trial court should have considered only the affidavits submitted by the appellants to determine whether or not there was an uninsured motorist involved in the accident.

We have carefully reviewed the appellants' affidavits and conclude that reasonable minds could only come to one conclusion and that is that there was an uninsured motorist involved in this accident. This being the only disputed insurance coverage issue between the parties, the appellants were entitled as a matter of law to the judgment that coverage existed under the policy for their uninsured motorists claims. For this reason the trial court's denial of the appellants' motion for summary judgment on the issue of coverage was prejudicial error.

We now turn to the second question raised by the appellants' first assignment of error and that is whether a dispute about the existence of an uninsured highway vehicle is properly referrable to arbitration.

The arbitration clause of the insurance policy provides:

"*Arbitration*: If any person making claim under Coverage D—Uninsured Motorists and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing thereunder, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the [arbitrators may be] entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this paragraph."

The appellants contend that all disputes about cover-

age under the policy's uninsured motorist clause are to be decided by arbitration, in particular, the issue of whether there is an uninsured motorist involved in the accident. Appellants argue that the language of the arbitration clause concerning whether the insured is "legally entitled to recover damages from the owner or operator of an uninsured highway vehicle" includes within it the factual determination that an uninsured highway vehicle was involved in the occurrence giving rise to the insured's claim.

It is the appellee's contention that the issue of whether there was an uninsured motorist involved is a separate issue from whether the insured is legally entitled to recover damages from such motorist. The appellee argues that the existence of an uninsured highway vehicle within the policy's definition must be established as a condition precedent to bringing the arbitration clause associated with the uninsured motorist coverage into play.

The parties take opposing positions with respect to the operation of the arbitration clause within the facts and circumstances of their dispute. Insurance policy though it may be, we are dealing here with a contract and, the meaning of its language being in dispute, we must interpret the words used in the agreement.

The arbitration clause of the insurance policy provides in substance that if the insured making a claim under the uninsured motorist coverage and the insurer cannot agree that the insured is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle or cannot agree as to the amount of payment which may be owing thereunder, then upon written demand of either, the matter or matters upon which they do not agree shall be settled by arbitration.

This provision limits the arbitrable issues to two: liability as between the insured and the uninsured motorist for the accident and the amount of damages owing therefrom.

The language in the insurance contract is plain and unambiguous. It is our conclusion that the issue of whether an uninsured highway vehicle was involved in the insured's

accident is a preliminary question which must be answered in order to determine if Coverage D, ''Protection Against Uninsured Motorists,'' is the proper basis under the policy for the insured's claim. Once it is established that such a vehicle was involved and the other requirements of the insurance contract are met, the issue then becomes whether the owner or operator of the uninsured vehicle was the at-fault driver, that is, whether the insured is legally entitled to recover damages from him. The insurance policy involved in this case makes this negligence or fault issue subject to arbitration but not the preliminary question of coverage.

The issue of whether the other motor vehicle involved in an automobile accident is an uninsured motor vehicle within the meaning of this insurance policy may be decided in a declaratory judgment action such as was filed in the instant case. We conclude that such issue is not reserved for decision in arbitration under the arbitration clause of the insurance policy before this court.[9]

The appellants' argument that they were entitled to summary judgment because the issue of whether there was an uninsured motorist could have been or should have been determined in arbitration proceedings is without merit. Summary judgment should not have been granted to appellants on this basis.

Summary judgment should have been granted in the

---

[9]In *Fireman's Ins.* v. *Petrie* (1966), 10 Ohio Misc. 188, the Court of Common Pleas for Cuyahoga County addressed the scope of issues properly referrable to arbitration under an uninsured motorists provision in an automobile insurance contract worded nearly identically to the policy we have interpreted here. See also Annotation, 29 A. L. R. 3d 328 (1970). The court in *Fireman's* concluded that three issues were reserved for arbitration under the policy—coverage under the uninsured motorists provision; liability for the accident or occurrence giving rise to the insured's claim; and the amount of recovery for the insured's damages.

It is our view that the arbitration clause limits the arbitrable issues to two—liability for the accident and the amount of damages owing thereunder. From our reading of the policy language, the coverage issue is both independent of and preliminary to the two issues reserved for arbitration.

appellants' favor, however, because all of the evidentiary material submitted by the parties demonstrates that there was an uninsured motorist involved in the appellants' accident. No issue of material fact remained and the appellants were entitled to judgment on the coverage issue as a matter of law. For this reason, the first assignment of error is well taken.

Since the appellants previously filed a demand for arbitration, if the parties cannot subsequently agree that the appellants are legally entitled to recover from the uninsured motorist or cannot agree to the amount of recovery, then under the policy's terms the dispute must proceed to arbitration.

The second assignment of error is also well taken. The appellee was required to prove the allegations of its complaint that there was no coverage under the policy because there was no uninsured motorist involved in the accident. We reviewed the evidence before the trial court above and will only here repeat that there was no evidence to support a finding that an uninsured motorist was not involved in the accident.

The judgment of the trial court that there is no coverage under the uninsured motorist provision of this insurance policy is in error and is therefore reversed. The cause is remanded for further proceedings in accordance with law.

*Judgment reversed.*

PARRINO, P. J., and JACKSON, J., concur.