OPINION *Page 2 
{¶ 1} Appellant, Worldwide Asset Purchasing, LLC, appeals the decision of the Stark County Court of Common Pleas granting summary judgment in favor of appellee, Adam Sandoval.
 {¶ 2} This case presents the issue of whether unauthenticated copies of documents which, if signed, are unsworn and not accompanied by affidavits are sufficient to create an issue of material fact in response to a Civil Rule 56(C) motion which affirmatively demonstrates the non-moving party has no evidence to support the non-moving party's claim.
 STATEMENT OF FACTS AND CASE {¶ 3} On January 11, 2007, appellant, Worldwide Asset Purchasing, LLC, filed a complaint against appellee, Adam Sandoval, for an action on a credit card account and sought judgment in the amount of $13,670.71, plus prejudgment interest, and interest at a rate of 5.9% per annum from December 22, 2006, and costs. Attachments to the complaint included: an unauthenticated non-original "Bill of Sale and Assignment of Assets" purporting to sell certain assets of Metris Companies, Inc. to appellant, but asset schedule not included, a copy of an unsworn certificate of Richard Evans, the secretary for Metris Companies Inc. which states that Metris Companies owns all stock of Metris Direct, Inc. which owns all stock of Direct Merchants Credit Card Bank; and unauthenticated individual monthly credit account statements from Direct Merchants Bank, Cardmember Services, for the months of July 28, 2003, through July 31, 2004, in the appellee's name.
 {¶ 4} The complaint itself stated in pertinent part as follows: *Page 3 
 {¶ 5} "Plaintiff, WORLDWIDE ASSET PURCHASING, LLC N.A. CLAIM, is the purchaser and assignee of the obligation under suit (a copy of the purchased document is attached as exhibit A), and/or as the authorized representative, states for its complaint:
 1. Defendant was the holder of a credit card with.[1]
 2. extended credit to the Defendant.[2]
 3. Plaintiff is the purchaser and assignee of the obligation.
 4. Defendant had made purchases using his/her credit card.
 5. Defendant is now in default with respect to the Account that defines the terms of the issuance of credit.
 6. Since being issued a credit card, Defendant has been provided with monthly statements as to the amount due and owing under the terms and conditions of the Account.
 7. Defendant has not complied with the terms of the Account, and has failed to pay the charge off balance of $13,670.71 due and owing on the account.
 8. Defendant received statements of the amount due on the account and Defendant owes the balance on the account stated.
 9. Although demand has been made, Defendant has failed to pay the balance. *Page 4 
 10. Defendant owes Plaintiff the sum of $13,670.71, plus prejudgment interest of $3,904.05 plus interest at the rate of 5.9% per annum, from December 22, 2006.* * *"
 {¶ 6} On February 14, 2007, appellee filed an answer denying the allegations and setting forth several "affirmative" defenses including, but not limited to, that the appellant had failed to prove that it was the valid purchaser, assignor or proper party in interest to bring the suit, and that appellant had failed to produce a full and complete accounting commencing from a zero balance to the full amount claimed due and owing.
 {¶ 7} On April 9, 2007, appellee filed a Civ. R. 12 (B)(6) motion to dismiss and/or a Civ. R. 56 motion for summary judgment. Appellee argued in support that material omissions were made in paragraphs one and two of appellant's complaint which caused the complaint to be fatally deficient. Appellee further argued that the appellant failed to respond to discovery or to provide sufficient information that Worldwide was the purchaser assignor (i.e. holder) of appellee's credit card account and had failed to provide "documentary evidence showing the starting balance of the account at zero or some other provable sum, listed items and dates representing purchases, charges, debts or credits, or any summarization which permitted calculation of amounts claimed due" (i.e. failed to establish the amount due).
 {¶ 8} On April 26, 2007, appellant filed a response in opposition to appellee's motion to dismiss and/or summary judgment motion. In response to the appellee's argument that Worldwide had failed to provide sufficient information which showed it was the purchaser assignor, appellant attached a copy of an unauthenticated non-original "Bill of Sale and Assignment of Assets" dated August 19, 2004, which states *Page 5 
that the assets of Metris Companies Inc., are conveyed to Worldwide Asset Purchasing, LLC. Appellant also attached a Form 10-K, being an Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act, which stated as follows:
 {¶ 9} "Metris Companies Inc., ("MCI") was incorporated in Delaware on August 20, 1996, and completed an initial public offering in October 1996. We are listed on the New York Stock Exchange under the symbol MXT. MCI's principal subsidiaries are Direct Merchants Credit Card Bank, National Association ("Direct Merchants Bank" or "Bank"), Metris Direct, Inc. and Metris Receivables, Inc. ("MRI"). MCI and its subsidiaries are referred to in this report as "we," `us," "our," and the "Company." Our consumer lending products are primarily unsecured credit cards, including Direct Merchant Bank MasterCard and Visa credit cards. * * * Our credit cards generate consumer loans through Direct Merchant Bank.* * * Direct Merchants Bank owns all credit card accounts and sells receivables on accounts assigned to the Metris Master Trust on a daily basis to MCI."
 {¶ 10} In response to the argument by appellee that appellant needed to produce a full statement of transactions from a zero balance, appellant argued that the complaint was on an "account stated" which included credit account statements and a final account balance due and owing. Appellant further argued that the appellee had made monthly payments on the account without raising any dispute as to the credit transactions or ongoing balances, thereby waiving his right to an accounting from a zero balance.
 {¶ 11} On May 7, 2007, appellee filed a reply to appellant's opposition and attached appellee's sworn affidavit. In the affidavit, appellee denied owing a balance to *Page 6 
Direct Merchants Credit Bank. Appellee further stated that he had not received any evidence of a developing balance or evidence that Worldwide Asset Purchasing, LLC, was the holder of the credit card account.
 {¶ 12} On May 14, 2007, the trial court granted summary judgment in favor of appellee and against appellant. Specifically, the trial court found that the complaint did not identify the initial issuer of the credit card. The court further found that "Worldwide has provided none of the materials that Ohio Civil Rule 56(C) and (E) require when a party opposes a Motion for Summary Judgment. It has offered no affidavit(s), or certified copies of any papers that would demonstrate the existence of any genuinely disputed material fact, with respect to its status as the proper `holder' of the account, or with respect to the `amount owed' on the alleged credit card account. As the Ohio Supreme Court noted inDresher, supra, a party against whom a Motion for Summary Judgment has been filed cannot solely rely upon his or her pleadings to oppose the motion. In this Case, Worldwide has done so."[3]
 {¶ 13} It is from this judgment that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 14} "I. A GENUINE ISSUE OF MATERIAL FACT WAS BEFORE THE TRIAL COURT WHEN THE APPELLANT'S MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WAS FILED APRIL 26, 2007.
 {¶ 15} "II. A COMPLAINT ON AN ACCOUNT STATED IS BASED UPON THE FINAL MONTHLY STATEMENT OR CHARGE OFF STATEMENT SENT TO THE APPELLEE. *Page 7 
 {¶ 16} "III. APPELLANT DEMONSTRATED OWNERSHIP OF THE ACCOUNT BY ATTACHING COPIES OF THE ASSIGNMENTS TO THE COMPLAINT."
 {¶ 17} In the first assignment of error, the appellant argues that the information attached to the appellant's response to the appellee's motion to dismiss and/or motion for summary judgment had sufficient and probative evidentiary value to create a question of material fact as to whether the appellant was the holder of the account by assignment and as to the actual balance of the account due and owing. Appellant argues that because the attached documentation was sufficient to create a question of fact, the trial court erred in granting summary judgment in favor of the appellee. We disagree.
 {¶ 18} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, this Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 671 N.E. 2d 241.
 {¶ 19} Civ. R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 364 N.E.2d 267. *Page 8 
 {¶ 20} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed.2d 265.[4] The standard for granting summary judgment is delineated in Dresher v. Burt (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to *Page 9 
the opposing party. Williams v. First United Church of Christ (1974),37 Ohio St.2d 150, 309 N.E.2d 924.
 {¶ 21} Essentially, a motion for summary judgment forces the plaintiff to produce probative evidence on all essential elements of the case for which the plaintiff has the burden of production at trial. Celotex Corp.v. Catrett, supra. The plaintiff's evidence must be such that a reasonable jury might return a verdict in the plaintiffs favor.Seredick v. Karnok (1994), 99 Ohio App.3d 502, 651 N.E.2d 44.
 {¶ 22} In deciding a motion for summary judgment, Civ. R. 56(C) only allows the trial court to consider "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact." Generally, the failure to authenticate a document submitted on summary judgment renders the document void of evidentiary value. See Citizens Ins. Co. v.Burkes (1978), 56 Ohio App.2d 88, 381 N.E.2d 963.
 {¶ 23} Upon summary judgment consideration, the proper procedure for introducing evidentiary material not specifically authorized by the rule is to incorporate such material by reference in a properly framed affidavit. See Biskupich v. Westbay Manor Nursing Home (1986),33 Ohio App.3d 220, 515 N.E.2d 632.
 {¶ 24} Civ. R. 56(E) mandates that sworn or certified copies of all papers filed in support of or in opposition to a motion for summary judgment must be accompanied by an affidavit swearing that the matters contained within the document were made on the affiant's personal knowledge. The affidavit shall also set forth facts that would be admissible into evidence, and shall affirmatively show that the affiant is competent to testify to those matters. Id. Thus, the proper procedure for introducing an evidentiary *Page 10 
matter not specifically authorized by Civ. R. 56(E) is to incorporate it by reference into a properly framed affidavit. Biskupich v. WestbayManor Nursing Home, supra, citing State ex rel. Corrigan v.Seminatore (1981), 66 Ohio St.2d 459, 467, 423 N.E.2d 105. Documents submitted in opposition to a motion for summary judgment that are neither sworn, certified, nor authenticated by affidavit have no evidentiary value. Green v. B.F. Goodrich Co. (1993),85 Ohio App.3d 223, 228, 619 N.E.2d 497, 500-501.
 {¶ 25} In this case, the appellant filed a complaint for an action on a credit card account. Appellant filed the action as the holder of appellee's credit card account by assignment. In the summary judgment motion, the appellee argued that the appellant had failed to set forth sufficient evidentiary material to prove two essential elements of the case. First, appellee argued that the appellant failed to prove that it was the holder of the account by assignment. Second, appellee argued that the appellant failed to prove that there was an actual balance owed by the appellee to the appellant.
 {¶ 26} In an action on an account, when an assignee is attempting to collect on an account in filing a complaint, the assignee must "allege and prove the assignment." Zwick v. Zwick (1956), 103 Ohio App. 83, 84,134 N.E.2d 733. In other words, in order to prevail, the assignee must prove that they are the real party in interest for purposes of bringing the action. An assignee cannot prevail on the claims assigned by another holder without proving the existence of a valid assignment agreement.Natl. Check Bur, Inc. v. Cody, Cuyahoga App. No. 84208, 2005-Ohio-283, citing Zwick Zwick v. Suburban Constr. Co. (1956), 103 Ohio App. 83,84, 134 N.E.2d 733.
 {¶ 27} In order to establish a prima facie case for money owed on an account, "[a]n account must show the name of the party charged and contain: (1) a beginning *Page 11 
balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due." Gabriele v.Reagan (1988), 57 Ohio App.3d 84, 87, 566 N.E.2d 684, quoting Brown v.Columbus Stamping Mfg. Co. (1967), 9 Ohio App.2d 123, 223 N.E.2d 373, paragraph three of the syllabus. "[A]n action upon an account may be proved by the introduction of business records showing the existence of the account." Wolf Automotive v. Rally Auto Parts, Inc. (1994),95 Ohio App.3d 130, 137, 641 N.E.2d 1195. See, generally, Raymond BuildersSupply, Inc. v. Slapnicker, 11th Dist. No. 2003-A-0040, 2004-Ohio-1437, at ¶ 8.[5]
 {¶ 28} In the case sub judice, appellee filed a summary judgment motion and submitted a personal affidavit attached to appellee's reply brief wherein the appellee stated by motion and in the affidavit that the appellant had failed to prove two essential elements of their case including that (1) the appellant was the holder by assignment of the appellee's credit card account, and (2) the appellant had failed to prove a running balance on the credit card account beginning with a zero balance. *Page 12 
 {¶ 29} In response to appellee's summary judgment motion, the appellant provided the court with an unauthenticated copy of the "Bill of Sale and Assignment of Assets" transferring certain assets of Metris to Worldwide and a copy of a "Form 10-K" filed with the United States Securities and Exchange Commission stating that Direct Merchants Credit Card Bank is a subsidiary of Metris. The appellant also referred the court to the original complaint which included copies of monthly account statement for appellee's credit card account. The appellant did not include in response a properly formed affidavit to authenticate any of the business records or documents submitted for the trial court's consideration. Appellant argued that these unauthenticated business records and documents created a question of material fact as to the holder of the account by assignment and the account balance sufficient to overcome appellee's motion for summary judgment. We disagree.
 {¶ 30} Once the appellee established by reference to appellant's unauthenticated documents attached to the complaint that there was insufficient evidence to establish that the appellant had acquired the account by assignment and that there was insufficient evidence to prove the balance due on the account, the burden shifted to the appellant to demonstrate the existence of genuine issues of material fact.Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107, 662 N.E.2d 264. Because the appellant failed to properly authenticate the assignment documents and the account statements, the appellant essentially presented nothing of evidentiary value to rebut appellee's argument and did not create a genuine issue of material fact. Although it is a harsh result, we find that the appellant's failure to follow the requirements of Civ. R. 56 put the trial court in a position in which it could only come to *Page 13 
one conclusion. That conclusion is that the appellee had affirmatively established that there was nothing of evidentiary value to support the essential elements of appellant's claim for an action on an account. We therefore find that the trial court did not err in granting appellee's motion for summary judgment.
 {¶ 31} Accordingly appellant's first assignment of error is hereby denied.
 II, III {¶ 32} Having concluded in our discussion of appellant's first assignment of error that the trial court's granting of summary judgment in favor of the appellee was not in error, we decline to address appellant's second and third assignments of error because the issues raised are moot.
 {¶ 33} Accordingly, the judgment of the Stark County Court of Common Pleas is hereby affirmed.
[1] Sentence was not completed in the complaint.
[2] The "e" is not capitalized in the complaint.
[3] The citation used by the trial court for Dresher is Dresher v.Burt (1966), 75 Ohio St.3d 280, 662 N.E.2d 264.
[4] "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is `entitled to a judgment as a matter of law' because the nomoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp.v. Catrett (1987), 477 U.S. 317, 322-323, 106 S.Ct. 2548,91 L.Ed.2d 265.
[5] An action on an account, although founded on contract, "exists only as to the balance that may be due one of the parties as a result of [a] series of transactions." Am. Sec. Serv., Inc. v. Baumann (1972),32 Ohio App.2d 237, 242, 289 N.E.2d 373. The "cause of action does not exist with reference to each item of the account, but only as to the balance that may be due to one or the other parties." Ludwig Hommel Co. v. Woodsfield (1927), 115 Ohio St. 675, 681, 155 N.E. 386. The purpose of an action on an account is "to avoid the multiplicity of suits necessary if each transaction between the parties (or item on the account) would be construed as constituting a separate cause of action."Baumann, 32 Ohio App.2d at 242, 289 N.E.2d 373.
 Edwards, J., and Delaney, J. concur Hoffman, P.J. dissents. *Page 14 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1