[Cite as *DeLage Landen Fin. Servs., Inc. v. Evergreen Title Agency, Inc.*, 2012-Ohio-5726.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98343**

---

# DELAGE LANDEN FINANCIAL SERVICES, INC.

PLAINTIFF-APPELLANT

vs.

# EVERGREEN TITLE AGENCY, INC.

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the

Cuyahoga County Court of Common Pleas
Case No. CV-759767

BEFORE:   Cooney, J., Stewart, P.J., and Keough, J.

RELEASED AND JOURNALIZED:   December 6, 2012

ATTORNEY FOR APPELLANT

Jeffrey L. Koberg
Ziegler, Metzger LLP
925 Euclid Avenue
Suite 2020
Cleveland, OH 44115-1441



ATTORNEY FOR APPELLEE

Michael P. Meehan
3416 West 159th Street
Suite 100
Cleveland, OH 44111

COLLEEN CONWAY COONEY, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.   Plaintiff-appellant, DeLage Landen Financial Services, Inc. ("DLL"), appeals the trial court's granting summary judgment in favor of defendant-appellee, Evergreen Title Agency, Inc. ("Evergreen").   Finding some merit to the appeal, we reverse and remand.

{¶2} In July 2011, DLL filed suit against Evergreen, alleging a breach of contract involving the lease of two copy machines. DLL moved for summary judgment in February 2012. In March 2012, after the deadline for all dispositive motions had passed, Evergreen moved for summary judgment instanter. On April 4, 2012, the trial court denied DLL's motion. On April 9, 2012, DLL moved for an extension of time to reply to Evergreen's motion for summary judgment, alleging that Evergreen had not properly served DLL. Without ruling on DLL's motion for an extension, the trial court granted Evergreen's motion for summary judgment on April 10, 2012.

{¶3} DLL now appeals, raising three assignments of error.

Denial of Summary Judgment

{¶4} In the first assignment of error, DLL argues that the trial court erred by denying its motion for summary judgment.

{¶5} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The Ohio Supreme Court stated the appropriate test in *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998), as follows:

Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a

matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.

{¶6} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1987). The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

{¶7} In moving for summary judgment, the "moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107. A motion for summary judgment forces the plaintiff to produce probative evidence on all

essential elements of his case for which he has the burden of production at trial. *Celotex*, 477 U.S. at 330. Plaintiff's evidence must be such that a reasonable jury might return a verdict in his favor. *Seredick v. Karnok*, 99 Ohio App.3d 502, 651 N.E.2d 44 (8th Dist.1994). *See also Ford Motor Credit Co. v. Walker*, 8th Dist. No. 82828, 2003-Ohio-6163.

{¶8} In deciding a motion for summary judgment, Civ.R. 56(C) only allows the trial court to consider "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact." Generally, the failure to authenticate a document submitted on summary judgment renders the document void of evidentiary value. *See Citizens Ins. Co. v. Burkes*, 56 Ohio App.2d 88, 381 N.E.2d 963 (8th Dist.1978).

{¶9} Civ.R. 56(E) mandates that sworn or certified copies of all papers filed in support of or in opposition to a motion for summary judgment must be accompanied by an affidavit swearing that the matters contained within the document were made on the affiant's personal knowledge. The affidavit shall also set forth facts that would be admissible, and shall affirmatively show that the affiant is competent to testify to those matters. *Id*.

{¶10} In its complaint, DLL argued that Evergreen breached a contract for the lease of two copy machines. This contract, which was attached to the complaint, was originally between Evergreen and CCT Financial Corporation ("CCT"), dated June 29, 2005. DLL also

attached a "Confirmation of Assignment," dated May 3, 2011, which states that CCT assigned the contract to DLL. The actual assignment itself was never submitted, nor was its omission ever explained. In its motion for summary judgment, DLL attached an affidavit in support of the confirmation of assignment.

{¶11} Evergreen argued that DLL's motion for summary judgment should be denied because DLL had failed to set forth sufficient evidentiary material to prove that it was the holder of the account by assignment. Evergreen argued that the confirmation of sale was not made at or near the time of the assignment, nor was the affidavit sworn to by someone who had personal knowledge of the document.

{¶12} A review of the record indicates that DLL failed to set forth adequate evidence of the assignment.

In an action on an account, when an assignee is attempting to collect on an account in filing a complaint, the assignee must "allege and prove the assignment." *Zwick v. Zwick* (1956), 103 Ohio App. 83, 84, 74 Ohio Law Abs. 183, 134 N.E.2d 733. In other words, in order to prevail, the assignee must prove that they are the real party in interest for purposes of bringing the action. An assignee cannot prevail on the claims assigned by another holder

without proving the existence of a valid assignment agreement. *Natl. Check Bur., Inc. v. Cody*, 8th Dist. No. 84208, 2005-Ohio-283, citing *Zwick* * * *.

*Worldwide Asset Purchasing, L.L.C. v. Sandoval*, 5th Dist. No. 2007-CA-00159, 2008-Ohio-6343, ¶ 26.

{¶13} In addition, it is well established that "'a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact.'" *Davis v. Cleveland*, 8th Dist. No. 83665, 2004-Ohio-6621, ¶ 23, quoting *Bell v. Beightler*, 10th Dist. No. 02AP-569, 2003-Ohio-88, at ¶ 33.

{¶14} Therefore, we find that DLL failed to produce probative evidence on all essential elements of its case when it failed to authenticate the alleged assignment, and in turn, the trial court did not err in denying DLL's motion for summary judgment.

{¶15} Accordingly, the first assignment of error is overruled.

<u>Motion for Extension</u>

{¶16} In the second assignment of error, DLL argues that the trial court erred in granting summary judgment to Evergreen. In the third assignment of error, DLL argues that the trial court abused its discretion by denying DLL an extension to reply to Evergreen's

motion for summary judgment instanter.   We choose to address DLL's third assignment of error first.

{¶17} We review the trial court's rulings on the motion for summary judgment instanter and on the motion for an extension of time under an abuse-of-discretion standard. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable.   *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶18} In this case, the trial court ordered that all dispositive motions be filed by February 29, 2012.   DLL filed a motion for summary judgment on February 16, which was denied.   Evergreen filed a motion for summary judgment instanter on March 5, 2012.   The court accepted Evergreen's motion despite its untimeliness.

{¶19} On April 9, 2012, DLL filed a motion for an extension of time in which to respond to Evergreen's motion for summary judgment, arguing that Evergreen had failed to properly serve DLL with its motion for summary judgment.   On April 10, the trial court granted Evergreen's motion for summary judgment, five weeks after it was filed.   We can only speculate regarding the court's awareness of DLL's April 9 motion for an extension of time because it was never separately ruled on.

{¶20} DLL argues that the trial court abused its discretion in denying its motion for an extension, in light of the court's decision to allow the filing of Evergreen's motion for summary judgment instanter after the court's deadline.

{¶21} First, we find no abuse of the court's discretion in accepting Evergreen's motion for summary judgment instanter. This court has held that a trial court is within its discretion to consider a pleading that is properly attached to a motion for leave to file instanter. *Wilsman & Schoonover, LLC v. Millstein*, 8th Dist. No. 82006, 2003-Ohio-3258; *Tomko v. McFaul*, 133 Ohio App.3d 742, 729 N.E.2d 832 (8th Dist.1999).

{¶22} Having granted Evergreen extra time, however, the trial court should have done the same for DLL. DLL's motion contained a valid reason for seeking an extension — its allegation that Evergreen had not properly served DLL with its motion for summary judgment. The court ruled on Evergreen's motion five weeks after it was filed, barely affording DLL the necessary time to respond. In an attempt to resolve this case on the merits, we find that DLL should have been afforded the opportunity to oppose Evergreen's motion.

{¶23} Therefore, although we find that the trial court did not abuse its discretion in accepting Evergreen's motion for summary judgment instanter, we find that the trial court abused its discretion in denying DLL's motion for an extension of time to file its opposition.

{¶24} Accordingly, the third assignment of error is sustained.

{¶25} The second assignment of error is moot.  We reverse the trial court's grant of summary judgment to Evergreen and remand for further proceedings consistent with this opinion.

{¶26} Judgment reversed and case remanded.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR