[Cite as *Absolute Resolutions X, L.L.C. v. Ratta*, 2018-Ohio-3661.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
| --- | --- | --- |
| ABSOLUTE RESOLUTIONS X, LLC | | C.A. No. 28414 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAJIV RATTA | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 16CV-03737 |

DECISION AND JOURNAL ENTRY

Dated: September 12, 2018

---

TEODOSIO, Presiding Judge.

{¶1} Rajiv Ratta appeals the judgment of the Akron Municipal Court granting summary judgment in favor of Absolute Resolutions X, LLC. We reverse and remand.

I.

{¶2} Absolute Resolutions X, LLC ("ARX") filed its complaint in May 2016, for nonpayment of account, unjust enrichment, and breach of contract against Rajiv Ratta. The claims were premised upon Mr. Ratta's alleged nonpayment of money due on an account originally held by Citibank, N.A., which ARX alleged it had been assigned. ARX filed its motion for summary judgment in September 2016, and Mr. Ratta filed a response. The trial court granted the motion for summary judgment on October 14, 2016. Mr. Ratta now appeals, raising three assignments of error, which we have reordered for the purposes of our analysis.

## II.

### ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS APPELLEE FILED ITS MOTION AFTER THE COURT ORDERED FILING DEADLINE WITHOUT ESTABLISHING EXCUSABLE NEGLECT FOR THIS UNTIMELY FILING.

**{¶3}** In his third assignment of error, Mr. Ratta argues the trial court erred in accepting and considering a dispositive motion that was untimely filed. We disagree.

**{¶4}** In its order of August 23, 2016, the trial court set a dispositive motion deadline of September 26, 2016. ARX filed its motion for summary judgment on September 28, 2016, without having sought an extension or leave from the trial court. Mr. Ratta filed a response to the motion for summary judgment on October 3, 2016, and the trial court granted the motion for summary judgment on October 14, 2016.

**{¶5}** Mr. Ratta has failed to show how the untimely filing of the motion for summary judgment prejudiced a substantial right, and we therefore conclude any error was harmless. *See* Civ.R. 61.

**{¶6}** Mr. Ratta's third assignment of error is overruled.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS THE APPELLEE WAS NOT AN ASSIGNEE OF CITIBANK AND DID NOT HAVE STANDING TO COMMENCE THIS ACTION.

**{¶7}** In his first assignment of error, Mr. Ratta argues that ARX failed to establish standing because it was not the assignee of the account in question.

**{¶8}** Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56

when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶9} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt,* 75 Ohio St.3d 280, 293 (1996).

{¶10} To support a motion for summary judgment the court may consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of

evidence, and written stipulations of fact, if any * * *." Civ.R. 56(C). Additional documentation may be submitted if it is properly incorporated into an affidavit. Civ.R. 56(E). "No evidence or stipulation may be considered except as stated in [Civ.R. 56]." Civ.R. 56(C).

{¶11} In its motion for summary judgment, ARX alleges that it is the assignee of an account that Mr. Ratta originally opened with Citibank, N.A. Attached to ARX's motion for summary judgment is the affidavit of Mark Naiman who avers to be "an authorized representative of Absolute Resolutions X, LLC." No further information is given as to his job title or responsibilities. The affidavit provides "[t]hat Plaintiff is the assignee of Rajiv Ratta's account formerly with Citibank, N.A., account number [****************], and that Absolute Resolutions X, LLC, having purchased this account, is the owner of the debt and is the real party in interest."

{¶12} Also attached to ARX's motion for summary judgment is an "AFFIDAVIT OF SALE OF ACCOUNT BY ORIGINAL CREDITOR," from Patricia Hall, the Financial Account Manager of Citibank, N.A. The affidavit, which was prepared prior to the litigation, provides: "On or about November 21, 2014, [Citibank, N.A.] sold a pool of charged-off accounts (the Accounts) by a Purchase and Sale Agreement and a Bill of Sale to ABSOLUTE RESOLUTIONS CORP. As part of the sale of the Accounts, certain electronic records were transferred on individual account to the debt buyer."

{¶13} Other documents attached to ARX's motion for summary judgment, but not incorporated by affidavit, include a document prepared by Patricia Hall purporting to be a "BILL OF SALE AND ASSIGNMENT, dated November 21, 2014, * * * by Citibank, N.A. * * * to Absolute Resolutions Corp." The document states: "For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated November 18, 2014, between Buyer

and the Bank (the 'Agreement'), the Bank does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, the Accounts described in Exhibit 1 and the final electronic file." The "Exhibit 1" referenced by the affidavit is not attached or included with the motion for summary judgment.

**{¶14}** Also attached but not incorporated by affidavit is an "ASSIGNMENT OF RECEIVABLES" executed by the assignor, Absolute Resolutions Corp., to the assignee, Absolute Resolutions X, LLC. The document states "Assignor is the owner of the receivables identified as SAS003, comprised of 246 Accounts with a total face value of $1,813,112.91, and listed on Exhibit A attached hereto * * *." The document further provides that "Assignor does hereby transfer, assign and deliver to Assignee, all of its right, title and interest in and to the Receivables free and clear of all liens and encumbrances thereon." The "Exhibit A" referenced by the affidavit is not attached or included with the motion for summary judgment.

**{¶15}** "In an action on an account, when an assignee is attempting to collect on an account in filing a complaint, the assignee must 'allege and prove the assignment.'" *Natl. Check Bur., Inc. v. Ruth*, 9th Dist. Summit No. 24241, 2009-Ohio-4171, ¶ 6, quoting *Worldwide Asset Purchasing, L.L.C. v. Sandoval*, 5th Dist. Stark No. 2007-CA-00159, 2008-Ohio-6343, ¶ 26, quoting *Zwick & Zwick v. Suburban Constr. Co.*, 103 Ohio App. 83, 84 (8th Dist.1956). "In other words, in order to prevail, the assignee must prove that they are the real party in interest for purposes of bringing the action. An assignee cannot prevail on the claims assigned by another holder without proving the existence of a valid assignment agreement." *Id*. quoting *Sandoval* at ¶ 26. Failure to prove the assignment of an account leaves a hole in the chain of title and bars an alleged assignee from recovering on the account. *Id*. "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the

jurisdiction of the * * * court." *Citibank N.A. v. Rowe*, 9th Dist. Lorain No. 12CA010217, 2013-Ohio-523, ¶ 8, quoting *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41.

{¶16} We conclude there are several holes in the chain of title. ARX has failed to prove that Mr. Ratta's account was one of the accounts included in the pool sold by Citibank to Absolute Resolutions Corp. ARX has likewise failed to prove that Mr. Ratta's account was assigned by Absolute Resolutions Corp. to Absolute Resolutions X, LLC. We further note that the "BILL OF SALE AND ASSIGNMENT" and the "ASSIGNMENT OF RECEIVABLES" attached to the motion for summary judgment were not incorporated by affidavit and did not otherwise qualify as evidence allowed by Civ.R. 56.

{¶17} ARX has failed to prove that it was the real party in interest for the purposes of bringing the action. Mr. Ratta's first assignment of error is sustained.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS THE APPELLEE FAILED TO PROVIDE EVIDENTIARY MATERIAL ESTABLISHING ANY VALID CLAIM AGAINST THE APPELLANT.

{¶18} In his second assignment of error, Mr. Ratta argues the trial court erred in granting summary judgment because ARX failed to provide a copy of a cardholder agreement and documents showing the charges made on the account. We do not reach the merits of this argument because our resolution of assignment of error one has rendered it premature. We therefore decline to address assignment of error two. *See* App.R. 12(A)(1)(c).

III.

**{¶19}** Mr. Ratta's first assignment of error is sustained. His third assignment of error is overruled. We decline to address the merits of the second assignment of error as it has been rendered premature. The judgment of the Akron Municipal Court is reversed and remanded.

Judgment reversed
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
<u>CONCURS.</u>

CARR, J.
<u>CONCURS IN JUDGMENT ONLY.</u>


<u>APPEARANCES:</u>

RAJIV RATTA, pro se, Appellant.

ANTHONY J. HUSPASKA and ROBERT LEE HENGGE, Attorney at Law, for Appellee.