**SEREDICK, Appellant,**

v.

**KARNOK, Appellee.**

[Cite as *Seredick v. Karnok* (1994), 99 Ohio App.3d 502.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67482.

Decided Dec. 27, 1994.

*Peter Onysko,* for appellant.

*Geoffrey H. Turoff,* for appellee.

---

*Per Curiam.*

This appeal was filed and briefed as an accelerated case pursuant to App.R. 11.1 and Loc.R. 25 of this court.

Appellant, Steve Seredick, appeals from the summary judgment granted in favor of appellee, William J. Karnok, by the Cuyahoga County Court of Common Pleas.

On or about April 28, 1992, appellant paid appellee and Alvin Jackson, who are his employees, $50 to remove debris from his lot. The Cleveland police received a call that two men were illegally dumping rubbish in a lot owned by Dan Chrosnik. Chrosnik was an eyewitness to the dumping. The police arrived and interviewed appellee and Jackson. Appellee was later called by the prosecutor's office for an interview. At the conclusion of the interview, he signed a complaint paper against appellant.

Appellant was later prosecuted and acquitted for illegal dumping. Appellant filed a civil action against appellee for malicious prosecution. The trial court granted appellee's motion for summary judgment.

■ Appellant argues that the trial court erred by granting summary judgment where there are genuine issues of material fact. Appellant argues that there is a genuine issue of fact to support malicious prosecution because appellee signed the complaint after he received a letter from appellant's attorney threatening a foreclosure of his house.

■ The elements necessary in order to maintain an action for malicious criminal prosecution in Ohio are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. *Trussell v. Gen. Motors Corp.* (1990), 53 Ohio St.3d 142, 559 N.E.2d 732; *Marino v. Niles* (1991), 57 Ohio St.3d 85, 565 N.E.2d 828. All three elements must be present.

In the instant case, the record shows that appellee did not call the police. The police came and questioned him and Jackson, and they informed the police that they were working on the orders of appellant, who was their employer. So in reality appellee neither instituted nor continued the prosecution. The assistant city prosecutor who prosecuted the case filed an affidavit, stating that appellee did not institute the prosecution. The prosecutor stated that the prosecution resulted from a phone call made to the city's dumping hot line and the dumping incident of April 28, 1992, including a police interview of appellee and Jackson, which incident was witnessed by Chrosnik, who owned the property in question.

The prosecutor's office suspected appellant as an illegal dumper based on the phone call and the April 28, 1992 incident, from which the police had made a report. Appellee was called into the city prosecutor's office for questioning and, at the conclusion of the interview, the city prepared an affidavit for appellee to sign. According to the affidavit of the prosecutor and the law clerk who participated in the investigation and subsequent prosecution of appellant, appellee was only an informer and a witness among others.

Appellant's opposition for summary judgment did not state any genuine fact to be submitted to the jury indicating that the city did not have probable cause to prosecute appellant.

Since appellant has failed to present material facts to overcome the city prosecutor's evidence that appellee had not instituted the prosecution but was merely a witness, there is no issue for jury deliberation. See *Shaw v. J. Pollock & Co.* (1992), 82 Ohio App.3d 656, 612 N.E.2d 1295. Appellant argues in support of malicious prosecution that appellee signed the complaint to forestall the foreclosure action being instituted by appellant. However, in appellant's counsel's affidavit attacking the city prosecutor's claims, he stated that appellee signed the complaint because he, appellee, did not want to be prosecuted.

■ It is our opinion that appellant did not present any issues of material fact for the jury. The issue to be tried to avoid summary judgment must be genuine, allowing reasonable minds to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248–252, 106 S.Ct. 2505, 2510–2512, 91 L.Ed.2d 202, 211–214.

We have independently reviewed the record, including appellant's arguments in his brief, and fail to recognize any significant probative evidence tending to support appellant's complaint. See *First Natl. Bank of Arizona v. Cities Serv. Co.* (1968), 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569. In a summary judgment adjudication, there is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* See, also, *Adickes v. S.H. Kress & Co.* (1970), 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142.

Since appellant's evidence is merely colorable at best and not significantly probative, see *Dombrowski v. Eastland* (1967), 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577, we shall affirm the judgment of the trial court.

*Judgment affirmed.*

SPELLACY, P.J., HARPER and DYKE, JJ., concur.