JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Lawrence D. Byrd ("Byrd") appeals from the decision of the Cuyahoga County Court of Common Pleas granting defendant-appellee Andrew Towns, Jr.'s ("Towns") motion for summary judgment. For the reasons stated below, we affirm.
 {¶ 2} On August 24, 2001, the parties were involved in an automobile-pedestrian accident, whereby Byrd was struck by an automobile operated by Towns. On September 11, 2002, Byrd filed a complaint for damages. Towns filed a motion for summary judgment which the trial court granted.
 {¶ 3} In its opinion, the trial court found Byrd negligent per se for failure to comply with R.C. 4511.48(A). The court also noted the absence of any evidence indicating Towns was negligent in his operation of the vehicle.
 {¶ 4} From this decision, Byrd timely appeals and advances one assignment of error for our review.
 I {¶ 5} In his sole assignment of error, Byrd argues that "the trial court committed reversible error by granting summary judgment to defendant, Andrew Towns, Jr." We disagree.
 {¶ 6} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317.
 {¶ 7} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330. The record on summary judgment must be viewed in the light most favorable to the opposing party. Williams v.First United Church of Christ (1974), 37 Ohio St.2d 150.
 {¶ 8} In moving for summary judgment, the "moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Dresher v.Burt (1996), 75 Ohio St.3d 280. Thereafter, the nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id. A motion for summary judgment forces the plaintiff to produce probative evidence on all essential elements of his case for which he has the burden of production at trial. Celotex Corp. v. Catrett
(1987), 477 U.S. 317, 330. Plaintiff's evidence must be such that a reasonable jury might return a verdict in his favor. Seredickv. Karnok (1994), 99 Ohio App.3d 502. This court reviews the lower court's granting of summary judgment de novo. Ekstrom v.Cuyahoga Cty. Community College, Cuyahoga App. No. 81501, 2002-Ohio-6228.
 {¶ 9} We find that Byrd has failed to produce specific facts, by the means listed in Civ.R. 56(C), showing a genuine issue for trial exists. Although Byrd opines that Towns was driving negligently, he has presented no evidence supporting that opinion. Nothing suggests Byrd had the right of way or that Towns ran a red light. There is no evidence that Towns was traveling at a high rate of speed or operating the vehicle precariously close to the curb. In fact, the police report taken at the scene of the accident states: "Pedestrian: Lawrence Byrd * * * caused accident by running into the street."
 {¶ 10} Byrd's own deposition testimony does not support his argument. Byrd testified that he was involved in an altercation with a third party on the corner of Buckeye Road and East 114th Street. As Byrd attempted to get away from the altercation, he stepped into the street. Byrd admits that Towns could not have seen him. Regarding Towns, Byrd testified, "* * * he couldn't have seen me from there, but I seen him." Further, Byrd testified that he heard the car and saw it approach the intersection.
 {¶ 11} Despite his own negligence, Byrd argues the trial court erred by failing to consider comparative negligence on behalf of Towns. As stated above, while there is evidence Byrd was negligent, nothing establishes any breach of duty on behalf of Towns. Therefore, there is no comparison to be made. The trial court properly refused to view this case under the guise of comparative negligence.
 {¶ 12} Byrd's assignment of error is overruled.
 {¶ 13} The judgment is affirmed.
Judgment affirmed.
Gallagher, J., concurs.
 Cooney, P.J., concurs in judgment only.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.