[Cite as *Discover Bank v. Peters*, 2011-Ohio-3480.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DISCOVER BANK

      Plaintiff-Appellee

-vs-

LINDA PETERS

      Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Julie A. Edwards, J.

Case No. 2010CA00309

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Canton Municipal Court, Case No. 2010CVF03048 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | July 11, 2011 |

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

MATTHEW G. BURG
Weltman, Weinberg & Reis Co., L.P.A.
Lakeside Place, Suite 200
323 W. Lakeside Avenue
Cleveland, Ohio 44113

MAUREEN FOLEY
Community Legal Aid Services, Inc.
50 South Main St., Suite 800
Akron, Ohio 44308

*Hoffman, J.*

{¶1}   Defendant-appellant Linda Peters appeals the September 29, 2010 Judgment Entry entered by the Canton Municipal Court, which granted summary judgment in favor of plaintiff-appellee Discover Bank, and overruled Appellant's motion to strike affidavit.

STATEMENT OF THE CASE AND FACTS

{¶2}   On May 10, 2010, Appellee filed a Complaint in the Canton Municipal Court, alleging Appellant had defaulted on the terms of a credit card agreement, and owed a principal balance of $11,483.78, plus interest at a rate of 24.990% per annum and costs.   Appellee attached a copy of a Cardmember Agreement and a copy of Appellant's January 14, 2010 statement to the Complaint.

{¶3}   Appellant filed a motion for definite statement on June 18, 2010.  Therein, Appellant asserted Appellee failed to satisfy Civ. R. 10(D) as it failed to attach to the Complaint a copy of the account upon which its claim was founded.  Via Judgment Entry filed June 21, 2010, the trial court overruled Appellant's motion and granted her until July 12, 2010, to file an answer.  Appellant filed a motion for leave to answer instanter on July 13, 2010, which the trial court granted.

{¶4}   Appellee filed a motion for summary judgment on September 7, 2010.  In support of the motion, Appellee attached copies of Appellant's telephonic application; Appellant's credit card statements from September, 2007, until December, 2009; and credit card agreement; as well as the Affidavit of Natasha Szczygiel, a Legal Placement Account Manager for DFS Services LLC, the servicing agent of Discover Bank. Appellant filed a brief in opposition. Therein, Appellant maintained summary judgment

was inappropriate and should be denied as Appellee failed to provide evidence supported by an adequate affidavit as required by Civ. R. 56(C) and Civ. R. 56(E); the affidavit in support of Appellee's motion for summary judgment failed to comply with Civ. R. 56(E); and a genuine issue of material fact existed as to whether Appellee was entitled to an interest rate of 24.99%. Appellant also filed a motion to strike the Affidavit of Natasha Szczygiel, arguing, inter alia, such was not based upon the affiant's personal knowledge and did not affirmatively show affiant was competent to testify to the matters. Via Judgment Entry filed September 29, 2010, the trial court granted Appellee's motion for summary judgment, and denied Appellant's motion to strike.

{¶5} It is from this judgment entry Appellant appeals, raising the following assignments of error:

{¶6} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE APPELLEE FAILED TO PRODUCE ANY EVIDENCE PERMITTED BY CIV.R. 56(C) AND CIV.R. 56(E) TO SUPPORT ITS CLAIM.

{¶7} "II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO STRIKE APPELLEE'S AFFIDAVIT SUBMITTED IN SUPPORT OF APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHERE THE AFFIDAVIT DOES NOT COMPLY WITH THE REQUIREMENTS OF CIV.R. 56(E).

{¶8} "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE A GENUINE ISSUE OF FACT EXISTS AS TO WHETHER APPELLEE IS ENTITLED TO POST JUDGMENT INTEREST OF 24.99%."

## STANDARD OF REVIEW

{¶9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co. (1996),* 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

{¶10} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

{¶11} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no

evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

**{¶12}** Essentially, a motion for summary judgment forces the plaintiff to produce probative evidence on all essential elements of the case for which the plaintiff has the burden of production at trial. *Celotex Corp. v. Catrett,* supra. The plaintiff's evidence must be such that a reasonable jury might return a verdict in the plaintiff's favor. *Seredick v. Karnok* (1994), 99 Ohio App.3d 502, 651 N.E.2d 44.

**{¶13}** In deciding a motion for summary judgment, Civ.R. 56(C) only allows the trial court to consider "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact." Generally, the failure to authenticate a document submitted on summary judgment renders the document void of evidentiary value. See *Citizens Ins. Co. v. Burkes* (1978), 56 Ohio App.2d 88, 381 N.E.2d 963.

**{¶14}** Upon summary judgment consideration, the proper procedure for introducing evidentiary material not specifically authorized by the rule is to incorporate

such material by reference in a properly framed affidavit. See *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 515 N.E.2d 632.

{¶15} Civ.R. 56(E) mandates sworn or certified copies of all papers filed in support of or in opposition to a motion for summary judgment must be accompanied by an affidavit swearing the matters contained within the document were made on the affiant's personal knowledge. The affidavit shall also set forth facts that would be admissible into evidence, and shall affirmatively show the affiant is competent to testify to those matters. Id. Thus, the proper procedure for introducing an evidentiary matter not specifically authorized by Civ.R. 56(E) is to incorporate it by reference into a properly framed affidavit. *Biskupich,* supra, citing *State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 467, 423 N.E.2d 105.

II

{¶16} Appellant's second assignment of error is dispositive of this Appeal; therefore, we address such first. In her second assignment of error, Appellant contends the trial court erred in denying her motion to strike Natasha Szczygiel's Affidavit because said affidavit did not comply with Civ. R. 56(E). We agree.

{¶17} As stated, supra, Civ.R. 56(E) mandates sworn or certified copies of all papers filed in support of or in opposition to a motion for summary judgment must be accompanied by an affidavit swearing the matters contained within the document were made on the affiant's personal knowledge. Additionally, the affidavit must set forth facts which would be admissible into evidence, and affirmatively show the affiant is competent to testify to those matters.

{¶18} In her Affidavit, Szczygiel averred:

**{¶19}** "1. Affiant states that (s)he is a Legal Placement Accounts Manager for DFS Services, LLC, the servicing agent of Discover Bank  * * *

**{¶20}** "2. Affiant further states that the within Affidavit is being made in support of [Appellee's] Motion for Summary Judgment * * * against [Appellant].

**{¶21}** "3. Affiant further states that there is due from [Appellant] in this matter, the principal sum of $11,483.78 plus accrued interest at 24.99 percent and court costs.

**{¶22}** "4. Affiant further states that [Appellant] has defaulted under the terms and condition of the Discover Credit Card * * * by failing to make the required payments as they became due and owing." Affidavit of Natasha Szczygiel, attached to motion for summary judgment.

**{¶23}** We find the Affidavit does not comply with Civ. R. 56(E). The Affidavit fails to establish the affiant's personal knowledge and fails to affirmatively show the affiant is competent to testify to those matters.[1] Because the Affidavit did not comply with Civ. R. 56(E), we find the trial court should have granted Appellant's motion to strike.

**{¶24}** Appellant's second assignment of error is sustained.

I, III

**{¶25}** Having concluded in our discussion of Appellant's second assignment of error the trial court erred in granting of summary judgment in favor of Appellee, we find any discussion of Appellant's first and third assignments of error premature.

---

[1] Affiant's position as "Legal Placement Accounts Manager", without further description, does not establish the affiant has personal knowledge or is competent to testify as to Appellant's account.

{¶26} The judgment of the Canton Municipal Court is reversed and the matter is remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, J.

Gwin, P.J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DISCOVER BANK                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
LINDA PETERS                           :
                                       :
    Defendant-Appellant            :          Case No. 2010CA00309


For the reason stated in our accompanying Opinion, the judgment of the Canton Municipal Court is reversed and the matter is remanded for further proceedings consistent with our Opinion and the law.  Costs to Appellee.




s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS