[Cite as *Discover Bank v. Combs*, 2012-Ohio-3150.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| DISCOVER BANK, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 11CA25 |
| | : | |
| v. | : | |
| | : | <u>DECISION AND</u> |
| BURNIS COMBS II, | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | Filed: July 9, 2012 |

<u>APPEARANCES:</u>

Burnis Combs II, Commercial Point, Ohio, pro se, Appellant.

Raymond F. Moats, III, Weltman, Weinberg & Reis Co., L.P.A., Columbus, Ohio, for Appellee.

Kline, J.:

**{¶1}** Burnis Combs II (hereinafter "Combs") appeals the judgment of the Circleville Municipal Court, which granted summary judgment in favor of Discover Bank (hereinafter "Discover"). Initially, Combs argues that Discover's summary-judgment evidence does not satisfy Civ.R. 56. Because Discover's evidence complies with Civ.R. 56, we disagree. Furthermore, we find the following: (1) there are no genuine issues of material fact; (2) Discover is entitled to judgment as a matter of law; and (3) reasonable minds can come to just one conclusion, and that conclusion is adverse to Combs. Accordingly, we overrule Combs's assignments of error and affirm the judgment of the trial court.

I.

{¶2}    On April 1, 2011, Discover filed its complaint against Combs.  Discover alleged that Combs owed them $10,573.76 after defaulting on a credit card account.

{¶3}    On October 17, 2011, Discover moved for summary judgment.  As part of its summary-judgment motion, Discover attached the affidavit of Barbara Ferguson (hereinafter "Ferguson"), a record of Combs's credit card application, the cardmember agreement, and copies of Comb's monthly account statements.  Ferguson's affidavit states the following:

> I am a Legal Placement Account Manager for DB Servicing
> Corporation the servicing agent of Discover Bank, an FDIC
> insured Delaware State Bank.
> THAT this affidavit is made on the basis of my personal
> knowledge and in support of the Plaintiff's suit on account
> against the Debtor(s).
> THAT, in my capacity as Legal Placement Account Manager,
> I have access to records regarding the Discover Card
> Account of the above referenced Debtor(s), further, that I
> have personally inspected said Account and statements
> regarding the balance due on said account.  DB Servicing
> Corporation maintains these records in the ordinary course
> of business.
> THAT the account is in default.

THAT [Combs's monthly account statements are] a true and
accurate statement of what is now due and owing Discover
Bank on the account.

* * *

I declare under penalty of perjury that the foregoing is true
and correct to the best of my knowledge.

{¶4} Combs did not attach any evidence to his "PRO SE MOTION TO OPPOSE SUMMARY JUDGEMENT [sic]." Combs did, however, move to strike Ferguson's affidavit. According to Combs, Ferguson's affidavit does not comply with Civ.R. 56(E). But the trial court disagreed and granted summary judgment in favor of Discover. As a result, the trial court ordered Combs to pay "the principal amount of $10,573.76, plus interest from December 3, 2010[,] on the principal balance at the rate of 19.490% per annum and costs." Entry on Plaintiff's Motion for Summary Judgment at 2.

{¶5} Combs appeals and asserts the following four assignments of error: I. "Civ.R. 56 provides summary judgment may be granted only after the trial court determines: a. 'no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' *Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 364 N.E.2d 267*." II. "It is well established the moving party bears the burden of proving that no issues of material fact exist for trial. *Celotex*

*Corp. v. Catrett (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.E.2d 265.* The standard for granting summary judgment is explained in *Dresher v. Burt (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264:* i. 'a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.'" III. "The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.* The plaintiff's evidence must be such that a reasonable jury might return a verdict in the plaintiff's favor. *Seredick v. Karnok* (1994), 99 Ohio App.3d 502, 651 N.E.2d 44. Civ.R. 56(C) only allows the trial court to deliberate 'pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact.' Generally, the failure to

authenticate a document submitted on summary judgment renders the document void of evidentiary value. *See Citizens Ins. Co. v. Burkes* (1978), 56 Ohio App.2d 88, 381 N.E.2d 963." And IV. "Upon summary judgment consideration, the proper procedure for introducing evidence authorized by the rule is to incorporate such material by reference in a properly framed affidavit. See *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 515 N.E.2d 632. Civ.R. 56(E) mandates sworn or certified copies of all papers filed in support of or in opposition to a motion for summary judgment must be accompanied by an affidavit swearing the matters contained within the document were made on the affiant's personal knowledge. The affidavit will also set forth facts that would be admissible into evidence, and shall affirmatively show the affiant is competent to testify to those matters. Thus, the proper procedure for introducing an evidentiary matter not specifically authorized by Civ.R. 56(E) is to 'incorporate it by reference into a properly framed affidavit.' *Biskupich, supra*, citing *State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 467, 423 N.E.2d 105."

II.

**{¶6}** In his four assignments of error, Combs argues that the trial court should not have granted summary judgment in favor of Discover. Therefore, we will address Combs's assignments of error together.

**{¶7}** "Because this case was decided upon summary judgment, we review this matter de novo, governed by the standard set forth in Civ.R. 56." *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a

matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party.  Civ.R. 56(C).  *Accord Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988); *Grimes v. Grimes*, 4th Dist. No. 08CA35, 2009-Ohio-3126, ¶ 14.  In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 535, 629 N.E.2d 402 (1994).

{¶8}    The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment.  *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996).  However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial."  Civ.R. 56(E).  *Accord Grimes* at ¶ 15.

{¶9}    "In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail."  *Grimes* at ¶ 16. "Accordingly, we afford no deference to the trial court's decision in answering that legal question."  *Morehead v. Conley*, 75 Ohio App.3d 409, 412, 599 N.E.2d 786 (4th Dist.1991).  *Accord Grimes* at ¶ 16.

{¶10}  Essentially, Combs raises two arguments on appeal.  First, Combs argues that Discover "failed to produce any evidence permitted by" Civ.R. 56.  Appellant's Opening Brief and Excerpt of the Record at 6.  And second, Combs argues that he

"clearly raised genuine issues of fact regarding the case[.]"  *Id.* at 7.  We reject both of these arguments and find that Discover is entitled to summary judgment.

A.

**{¶11}**  First, we find that Ferguson's affidavit complies with Civ.R. 56(E), which states that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

**{¶12}**  To support his argument that Ferguson's affidavit is invalid, Combs relies upon *Discover Bank v. Peters*, 5th Dist. No. 2010CA00309, 2011-Ohio-3480.  In *Peters*, Discover "filed a Complaint in the Canton Municipal Court, alleging Appellant had defaulted on the terms of a credit card agreement[.]"  *Id.* at ¶ 2.  Eventually, Discover filed a motion for summary judgment.  "In support of the motion, Appellee attached * * * the Affidavit of Natasha Szczygiel, a Legal Placement Account Manager for DFS Services LLC, the servicing agent of Discover Bank."  *Id.* at ¶ 4.  Szczygiel's affidavit stated the following:

> 1. Affiant states that (s)he is a Legal Placement Accounts
>
> Manager for DFS Services, LLC, the servicing agent of
>
> Discover Bank * * *
>
> 2. Affiant further states that the within Affidavit is being made
>
> in support of [Appellee's] Motion for Summary Judgment * * *
>
> against [Appellant].

3. Affiant further states that there is due from [Appellant] in this matter, the principal sum of $11,483.78 plus accrued interest at 24.99 percent and court costs.

4. Affiant further states that [Appellant] has defaulted under the terms and condition of the Discover Credit Card * * * by failing to make the required payments as they became due and owing. (Alterations and omissions sic.) *Peters* at ¶ 19-22.

The cardholder filed a motion to strike Szczygiel's affidavit, but the trial court denied that motion and granted summary judgment in favor of Discover.

{¶13} On appeal, the Fifth Appellate District found that Szczygiel's affidavit "fail[ed] to establish the affiant's personal knowledge and fail[ed] to affirmatively show the affiant is competent to testify to those matters." *Peters* at ¶ 23. Specifically, the court explained that "Affiant's position as 'Legal Placement Accounts Manager', without further description, does not establish the affiant has personal knowledge or is competent to testify as to Appellant's account." *Id.* at fn. 1.

{¶14} Because Ferguson's affidavit discusses her job duties, we find that Combs's reliance on *Peters* is misplaced. Unlike the affiant in *Peters*, Ferguson explained that she has access to Combs's account records. Furthermore, Ferguson stated that she personally inspected Combs's "[a]ccount and statements regarding the balance due on said account." Therefore, we find that Ferguson's affidavit (1) establishes her personal knowledge and (2) affirmatively shows that she is competent to

testify about Combs's account.  As a result, we find that Ferguson's affidavit complies with Civ.R. 56(E).

B.

{¶15}  Next, we find that Discover's summary-judgment evidence satisfies Civ.R. 56(C).  Under Civ.R. 56(C),

> Summary judgment shall be rendered forthwith if the
> pleadings, depositions, answers to interrogatories, written
> admissions, affidavits, transcripts of evidence, and written
> stipulations of fact, if any, timely filed in the action, show that
> there is no genuine issue as to any material fact and that the
> moving party is entitled to judgment as a matter of law.

{¶16}  The Second Appellate District addressed a similar situation in *Citibank (South Dakota) N.A. v. Ogunduyile*, 2d Dist. No. 21794, 2007-Ohio-5166.  In *Ogunduyile*, Citibank "commenced an action in municipal court against Ogunduyile, seeking $13,560.48 allegedly due on a credit card account."  *Id.* at ¶ 2.  Later,

> Citibank presented an affidavit of [a Citibank employee] in
> support of its motion for summary judgment.  Attached to the
> affidavit [we]re computer printouts of monthly account
> statements that were sent to Ogunduyile.  The statements
> showed purchases made by Ogunduyile and finance
> charges that were applied to the account during the billing
> cycles.  *Id.* at ¶ 8.

Based on this evidence, the trial court awarded summary judgment in favor of Citibank.

{¶17} On appeal, the Second District Court of Appeals discussed Citibank's summary-judgment evidence. As the court explained,

Although Civ.R. 56 does not directly refer to evidentiary exhibits, such evidence may be considered when it is incorporated by reference into a properly framed affidavit pursuant to Civ.R. 56(E). *Skidmore & Assoc. Co. v. Southerland* (1993), 89 Ohio App.3d 177, 179. In order to properly incorporate attached evidentiary exhibits, the affidavit needs merely to state that the attached materials are true copies and reproductions of the original documents. *State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 467, 423 N.E.2d 105.

The monthly account statements detailing the activity in Ogunduyile's Citibank account were properly before the trial court for consideration under Civ.R. 56(C) and (E). [The Citibank employee's] affidavit stated that, by virtue of her position with Citibank, she had access to all information regarding delinquent credit card accounts and had personal knowledge of all relevant financial and account information regarding Ogunduyile's account number. Her affidavit also stated that the monthly account statements attached to her affidavit were a hard copy printout of the financial information contained in Ogunduyile's account. This language is

sufficient to authenticate the attached account statements.

*Citibank (South Dakota), N.A. v. Lesnick,* Lake App.

No.2005-L-013, 2006-Ohio-1448, [¶] 14.

*Ogunduyile*, 2007-Ohio-5166, at ¶ 10-11.

**{¶18}** We agree with the analysis in *Ogunduyile* and apply that reasoning to the

present case.  As we noted above, Ferguson's affidavit states that she has access to

Combs's account records. The affidavit also states that the monthly account statements

are "a true and accurate statement of what is now due and owing Discover Bank[.]"

Therefore, in accordance with *Ogunduyile*, we find that Citibank's summary-judgment

evidence complies with Civ.R. 56(C).

C.

**{¶19}** Finally, we find (1) that there are no genuine issues of material fact and (2)

that Discover is entitled to judgment as a matter of law.  As part of its summary-

judgment motion, Discover submitted all of Combs's monthly account statements.  The

first statement shows a balance of zero, and the last statement shows a balance of

$10,573.76.  This is significant because

> [i]n order to recover money due, "[a]n account must show the
>
> name of the party charged and contain: (1) a beginning
>
> balance (zero, or a sum that can qualify as an account
>
> stated, or some other provable sum); (2) listed items, or an
>
> item, dated and identifiable by number or otherwise,
>
> representing charges, or debits, and credits; and (3)
>
> summarization by means of a running or developing

balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due."  *Ogunduyile*, at ¶ 7, quoting *Gabriele v. Reagan*, 57 Ohio App.3d 84, 87, 566 N.E.2d 684 (12th Dist.1988).

**{¶20}** We find that Ferguson's "affidavit and the account statements are sufficient to establish a prima facie case for money owned on an account."  *Ogunduyile* at ¶ 12.  And here, Combs failed to present sufficient rebuttal evidence.  In responding to an interrogatory, Combs claimed that he "does not remember applying for nor using this card."  But this statement "is nothing more than a general denial of [Discover's] claim, which is insufficient to satisfy [Combs's] reciprocal burden under *Dresher*[, 75 Ohio St.3d 280, 662 N.E.2d 264,] and Civ.R. 56(E)."  *Id.* at ¶ 15.  To meet his burden, Combs "was required to set forth specific facts that would permit a trier of fact to find that the amount of debt claimed by [Discover] was incorrect."  *Id.*  Combs, however, failed to do so.

## C.

**{¶21}** In conclusion, after construing the record and all inferences therefrom in Combs's favor, we find the following: (1) there are no genuine issues of material fact; (2) Discover is entitled to judgment as a matter of law; and (3) reasonable minds can come to just one conclusion, and that conclusion is adverse to Combs.  Accordingly, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Circleville Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J., and McFarland, J.:  Concur in Judgment & Opinion.

For the Court

BY:_____
      Roger L. Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**