JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Robert Walker ("Walker"), appeals from the decision of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Ford Motor Company ("Ford"). For the reasons stated below, we affirm in part, reverse in part, and remand for a determination of damages.
 I {¶ 2} The factual circumstances of this case stem from a 1993 collection action filed by Ford. In 1992, Walker secured a lease agreement ("lease") of a 1992 Lincoln Continental ("Continental") and began making payments. Sometime in 1993, Walker was involved in an automobile accident and the Continental was badly damaged. The vehicle was brought to Willis Peterson, dba Pete's Auto Body ("Peterson"), for repairs. Ford alleges that, following the accident, Walker ceased making payments on the lease. Walker contends that payments were made.
 {¶ 3} On October 24, 1993, Ford filed suit and moved for possession of personal property against Walker and Peterson.[1] Peterson filed an answer and cross-claim against Walker for unpaid repair bills. Walker filed an answer and cross-claim against Peterson. On March 30, 1994, Ford amended its complaint to seek a money judgment against Walker. Walker also filed a third-party complaint against State Farm Insurance Company ("State Farm"), claiming that State Farm was obligated to pay for the damages under a policy of insurance.
 {¶ 4} Following settlement negotiations between the parties, a large portion of the case was settled. Ford dismissed Walker without prejudice so that the issue between State Farm and Walker could be litigated. Counsel for Ford, in a letter sent to Walker's trial counsel, reiterated the fact that the deficient balance remained unpaid.
 {¶ 5} State Farm eventually issued a check to Ford in the amount of $11,754.69 that was applied to Walker's balance. Title to the Continental was transferred to Peterson to satisfy his claim for unpaid repairs. Walker continued to proceed with case number 259106 against State Farm and, pursuant to Civ.R. 50, his case was dismissed by directed verdict.
 {¶ 6} In the present case, Ford seeks to recover the deficiency due on the lease, together with interest. Ford was awarded summary judgment on April 11, 2003. It is from this award of summary judgment that Walker advances one assignment of error for our review.
 II {¶ 7} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to only one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317.
 {¶ 8} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330. The record on summary judgment must be viewed in the light most favorable to the opposing party. Williams v.First United Church of Christ (1974), 37 Ohio St.2d 150.
 {¶ 9} In moving for summary judgment, the "moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Dresher v.Burt, 75 Ohio St.3d 280, 1996-Ohio-107. Thereafter, the nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C), showing a genuine issue for trial exists. Id. A motion for summary judgment forces the plaintiff to produce probative evidence on all essential elements of his case for which he has the burden of production at trial. Celotex, 477 U.S. at 330. Plaintiff's evidence must be such that a reasonable jury might return a verdict in his favor. Seredick v. Karnok (1994),99 Ohio App.3d 502.
 {¶ 10} This court reviews the lower court's granting of summary judgment de novo. Ekstrom v. Cuyahoga Cty. Community College,150 Ohio App.3d 169, 2002-Ohio-6228.
 III {¶ 11} In his sole assignment of error, Walker argues that "the trial court erred in granting appellee's motion for summary judgment." For the reasons stated below, we affirm in part, reverse in part, and remand.
 {¶ 12} Walker avers that he had made upwards of ten payments following the 1993 accident and that any deficiency is well below that claimed by Ford. Ford acknowledges that ten payments were made, but that each was received before the 1993 accident. As evidence of same, Ford attached Walker's statement of account listing the total payments made, as well as an affidavit averring a deficient payment history.
 {¶ 13} Walker submitted an affidavit with his response to Ford's motion for summary judgment denying the amount of the balance owed. Ford argues that a self-serving affidavit, by itself, is not sufficient to overcome summary judgment in this case. We agree.
 {¶ 14} Walker, as the non-moving party, must set forth specific facts by the means listed in Civ.R. 56(C), showing a genuine issue for trial exists. Dresher, 75 Ohio St.3d at 280. In response to Ford's motion for summary judgment, Walker failed to attach any evidence of payment, whether through processed checks or bank account records. His self-serving affidavit alleging payment is insufficient to survive summary judgment. Hall v. Westlake (Dec. 17, 1992), Cuyahoga App. No. 61381.
 {¶ 15} Ford, on the other hand, attached Walker's statement of account showing the sums paid toward Walker's account and the outstanding amount. Walker has provided nothing to contradict this evidence or the affidavit of the Ford representative. As such, there is no evidence to establish a genuine issue of material fact that a deficiency is owed. As such, the trial court properly granted summary judgment on that issue.
 {¶ 16} Although we find that Walker's account is deficient, the statement of account proffered by Ford lacks detail sufficient for us to review the determination of damages. It fails to indicate the date or method of payment. Likewise, the briefs submitted by the parties fail to clearly indicate how the stated deficiency was calculated. We therefore remand this case for the limited purpose of determining the exact amount owed.
Judgment affirmed in part, reversed in part and remanded.
Colleen Conway Cooney, J., and Sean C. Gallagher, J., Concur.
[1] Cuyahoga County Court of Common Pleas case No. 259106.