[Cite as *McGrath v. Dean*, 2012-Ohio-1358.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97304

---

# JOSEPH McGRATH

### PLAINTIFF-APPELLANT

vs.

# JAMES DEAN, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-716670

**BEFORE:** Cooney, J., Stewart, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** March 29, 2012

**FOR APPELLANT**

Joseph McGrath, pro se
Inmate No. 570-434
Grafton Correctional Institution
2500 South Avon Belden Rd.
Grafton, OH 44044


**ATTORNEYS FOR APPELLEES**

James F. Shannon
75 Public Square
Suite 700
Cleveland, OH 44102

Andrew R. Malone
Malone Law, L.L.C.
614 W. Superior Ave., #1150
Cleveland, OH 44113

**Also listed**:

Jennifer Bassett
Michele I. Bassett
James Dean
3416 W. 46th Street
Cleveland, OH 44102

COLLEEN CONWAY COONEY, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Plaintiff-appellant, Joseph McGrath ("McGrath"), appeals the trial court's denial of his motion for summary judgment against defendants-appellees, James Dean, et al. ("Dean" or "defendants"). Finding no merit to the appeal, we affirm.

{¶3} McGrath filed suit against Michele Bassett ("Michele"), Jennifer Bassett, and James Dean, alleging in his complaint that the three defendants had conspired to have McGrath assaulted. McGrath claimed to have $100,000 in damages. The case was transferred from the Ashtabula County Common Pleas Court to the Cuyahoga County Common Pleas Court in January 2010. McGrath filed a motion for summary judgment in April 2011. Dean filed a cross-motion for summary judgment. In August 2011, the trial court denied McGrath's motion and granted Dean's.

{¶4} McGrath now appeals, raising three assignments of error.

## Request for Admissions

{¶5} In his first assignment of error, McGrath argues that the trial court abused its discretion by sua sponte ordering the defendants to answer the request for admissions after discovery was completed.

{¶6} An appellate court reviews any claimed error relating to a discovery matter under an abuse-of-discretion standard. *Lightbody v. Rust*, 137 Ohio App.3d 658, 663,

739 N.E.2d 840 (8th Dist.2000). An abuse of discretion means more than an error of law or an error of judgment. It implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶7} After a thorough review of the record, we find that the trial court did not abuse its discretion in allowing the defendants to respond to McGrath's requests for admissions after the discovery period was complete. The trial court issued a journal entry on June 16, 2011, ordering McGrath to re-serve the requests for admissions to defense counsel. The entry also ordered the defendants to reply to the requests within 30 days. This order came in response to both McGrath's multiple motions to have the admissions deemed admitted, and to the defendants' motions to compel McGrath to serve their counsel with all motions, pleadings, and/or discovery in compliance with the civil rules. Defense counsel claimed that defendants had never been served with McGrath's requests for admissions.

{¶8} It is clear from the record that there was considerable dispute regarding whether McGrath had properly served defense counsel with the requests for admissions. Therefore, due to the transfer from another common pleas court, the addition of Andrew Malone as counsel for the defendants, and the uncertainty of proper service, the trial court was well within its discretion to order McGrath to re-serve the requests and to allow the defendants 30 days in which to respond. The defendants did respond to McGrath's

re-served requests on July14, 2011. In light of the unique circumstances surrounding the discovery process of this case, there is no evidence in the record to support McGrath's contention that the trial court's order was unreasonable, arbitrary, or unconscionable.

**{¶9}** Accordingly, the first assignment of error is overruled.

<u>Leave to Answer</u>

**{¶10}** In his second assignment of error, McGrath argues that the trial court abused its discretion by granting defendants leave to answer the complaint.

**{¶11}** As was the case in *McGrath v. Bassett*, 8th Dist. No. 96360, 2011-Ohio-5666, this case was originally filed in the Ashtabula County Common Pleas Court. After service was obtained on the defendants, the case was transferred to the Cuyahoga County Common Pleas Court. In October 2010, the trial court granted defendants' motion to file their answer instanter.

**{¶12}** Civ.R. 6(B) provides in relevant that:

When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.

**{¶13}** Thus, "[i]f a defendant moves for leave to answer after the date the answer is due, Civ.R. 6(B)(2) permits the trial court to grant the defendant's motion upon a

showing of excusable neglect." *Brooks v. Progressive Speciality Ins. Co.*, 9th Dist. No. C.A. 16639, 1994 WL 376768 (July 20, 1994). A trial court's determination of whether neglect is excusable "must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than [on] procedural grounds." *Fowler v. Coleman*, 10th Dist. No. 99AP–319, 1999 WL 1262052 (Dec. 28, 1999).

**{¶14}** Thus, based on the transfer of the case, we find that the trial court did not abuse its discretion in allowing the defendants to file their answer instanter.

**{¶15}** Accordingly, the second assignment of error is overruled.

<u>Summary Judgment</u>

**{¶16}** In his third assignment of error, McGrath argues that the trial court abused its discretion by denying his motion for summary judgment.

**{¶17}** Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The Ohio Supreme Court stated the appropriate test in *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998), as follows:

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of

material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274 (1996).

**{¶18}** It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1987). The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

**{¶19}** In moving for summary judgment, the "moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." *Dresher* at 292. A motion for summary judgment forces the plaintiff to produce probative evidence on all essential elements of his case for which he has the burden of production at trial. *Celotex* at 330. Plaintiff's evidence must be such that a reasonable jury might return a verdict in his favor. *Seredick v. Karnok*, 99 Ohio App.3d 502, 651 N.E.2d 44 (8th Dist.1994). *See also Ford Motor Credit Co. v. Walker*, 8th Dist. No. 82828, 2003-Ohio-6163.

**{¶20}** McGrath argues that the trial court erred in denying his motion for summary judgment because Dean failed to produce any evidence to overcome his motion. McGrath argues that the defendants' opposition to his motion for summary judgment is supported by only an affidavit from Michele, in which she denies any wrongdoing and claims to have no knowledge of any assault. While it is true that "a party's unsupported

and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact," it is clear from the record that the trial court did not deny McGrath's motion for summary judgment based solely on Michele's self-serving affidavit. *Davis v. Cleveland*, 8th Dist. No. 83665, 2004-Ohio-6621, ¶ 23, quoting *Bell v. Beightler*, 10th Dist. No. 02AP-569, 2003-Ohio-88, ¶ 33.

**{¶21}** The record illustrates that the trial court denied McGrath's motion for summary judgment based on his failure to produce probative evidence on all essential elements of his case for which he has the burden of production at trial. McGrath alleged in his complaint that he suffered "financial loss, medical expense, legal expenses and other damages," although he failed to provide supporting documentation of such expenses. Moreover, McGrath alleged that he suffered "serious personal injuries, such as chronic pain, suffering, emotional distress, permanent disfiguration, lacerations, nerve damage," but he failed to provide any documentation of any of these injuries. A photocopy of what appears to be his missing teeth does not suffice.

**{¶22}** In his appellate brief, McGrath now asserts claims for negligence, premises liability, and fraud. However, none of these claims are contained in his original complaint. None of McGrath's claims are supported in his motion for summary judgment by sufficient evidence, such that a reasonable jury might return a verdict in his favor.

**{¶23}** Thus, the trial court did not err in denying McGrath's motion for summary judgment.

**{¶24}** Accordingly, the third assignment of error is overruled.

**{¶25}** Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR