[Cite as *State v. Williams*, 2024-Ohio-2438.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30900 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JEREMY WILLIAMS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 22 08 2812 |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2024

HENSAL, Judge.

{¶1}    Jeremy Williams appeals his conviction for endangering children by the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    On the evening of July 25, 2022, Mr. Williams's girlfriend left her four children in Mr. Williams's care while she went to work her overnight shift at a hospital. Around 2:30 a.m., she called to check on the children. Mr. Williams indicated that things were fine and that her four-year-old was taking a shower. A little while later, Mr. Williams texted his girlfriend to report that the child had fallen in the shower. She asked Mr. Williams whether she should come home, but he told her that the injuries were not serious. She, therefore, continued working until her shift ended at 6:00 a.m.

{¶3}    When Mr. Williams's girlfriend arrived home, she was surprised to find the four-year-old awake. He had a shirt wrapped around his head and was in pain. Unwrapping the shirt,

the girlfriend noticed a large gash on the child's head and immediately took him to the hospital. An examination of the child revealed that the cut was three centimeters long with a half centimeter gape. The child also had a cut on his chin, a swollen lip, facial bruising, and broken bones in his face and arm. Four of his teeth had to be removed. X-rays also revealed numerous older bone fractures that were in various stages of healing.

{¶4} The Grand Jury indicted Mr. Williams on two counts of felonious assault and one count of endangering children. A jury acquitted him of one of the felonious assault offenses and was unable to reach a verdict as to the other. It found him guilty, however, of the endangering children offense. The trial court sentenced him to three years. After the State agreed to recommend a similar sentence for the remaining felonious assault charge, Mr. Williams pleaded guilty to it. The trial court sentenced him to a minimum of two years imprisonment for that offense. Mr. Williams has appealed his endangering-children conviction, assigning two errors.

II.

ASSIGNMENT OF ERROR I

APPELLANT'S CONVICTION WAS BASED UPON INSUFFICIENT EVIDENCE TO SUSTAIN CONVICTION. THE TRIAL COURT ERRED BY DENYING APPELLANT'S CRIM.R. 29 MOTION.

{¶5} In his first assignment of error, Mr. Williams argues that his endangering-children conviction is not supported by sufficient evidence. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶6} Under Revised Code Section 2919.22(A), "[n]o * * * person having custody or control, or person in loco parentis of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." "'Substantial risk' means a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8). Violations of Section 2919.22(A) are "characterized by acts of omission rather than acts of commission." *State v. Kamel*, 12 Ohio St.3d 306, 309 (1984). A violation of Section 2919.22(A) occurs when an individual inexcusably fails to act to discharge a duty to protect a child and, as a result, a substantial risk to the child's health or safety occurs. *Id.* at paragraph one of the syllabus.

{¶7} Although Section 2919.22(A) does not specify the degree of culpability required to commit the offense, the Ohio Supreme Court has concluded that "[t]he existence of the culpable mental state of recklessness is an essential element of the crime of endangering children[.]" *State v. McGee*, 79 Ohio St.3d 193 (1997), syllabus. "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C). "A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist." *Id.*

{¶8} Mr. Williams argues that, even though the child's injuries were significant, there is no indication that he was reckless in his care. He fed the children and bathed them so they would

be ready for their wellness check the next morning. Although he left the four-year-old alone in the shower for a few moments, there was no reason he should have known that doing so was a risk of harm to the child. A doctor testified, however, that the injuries the child suffered were not consistent with a fall in the bathtub and would have required at least two blows.

{¶9} Even if Mr. Williams is correct about the cause of the injuries, it is not disputed that he did not seek medical treatment for the child and even dissuaded his girlfriend from seeking treatment. The child was in severe pain when examined at the hospital. He had multiple bone fractures, teeth that were barely attached, and a three-centimeter gash on his forehead that required stitches to close. This Court has held that the failure to seek necessary medical care creates a substantial risk to a child's health or safety. *State v. Grad*, 9th Dist. Medina No. 10CA0003-M, 2012-Ohio-1358, ¶ 31, 40; *State v. Allen*, 9th Dist. Summit No. 17017, 1995 WL 641134, *7 (Nov. 1, 1995); *see Kamel* at 309-310. Mr. Williams testified that he put alcohol and grease on the open wound, wrapped a shirt around the child's head, and gave him Children's Motrin. He then went to sleep until his girlfriend woke him up. The jury could have found that Mr. Williams was reckless in not seeking medical attention for the child. We also note that there was testimony at trial about the older children roughhousing with the four-year-old. Section 2919.22(A) "may * * * apply where a defendant has failed to protect [a] child from harm inflicted upon the child while in the defendant's care, even if the jury is not convinced the defendant personally inflicted the injury." *State v. Gaver*, 5th Dist. Stark No. 2015CA00204, 2016-Ohio-7055, ¶ 54.

{¶10} Upon review of the record, we conclude there was sufficient evidence to support Mr. Williams's conviction of endangering children. Mr. Williams's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE JURY'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶11} In his second assignment of error, Mr. Williams argues that his endangering children conviction is against the manifest weight of the evidence. When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 9th Dist. Summit No. 29290, 2019-Ohio-3970, ¶ 26.

{¶12} Mr. Williams argues that the jury lost its way, primarily because he argues there was no evidence that he recklessly disregarded any circumstances that created a risk of harm to the child. He argues that, at worst, leaving the child unattended in the bathroom for a short time was negligence, not recklessness.

{¶13} As previously mentioned, Mr. Williams did not seek medical treatment for the child even though the child had a gaping wound on his forehead, multiple other facial injuries, and multiple broken bones. He told his girlfriend that there was no need for her to come home, and he merely wrapped a shirt around the child's head. The child was still awake when his mother arrived home hours later. Upon review of the record, we cannot say that the jury lost its way when it found Mr. Williams guilty of endangering children. Mr. Williams's second assignment of error is overruled.

III.

**{¶14}** Mr. Williams's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.